# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:15-cr-064 |
| Plaintiff, | : | Judge Michael R. Barrett |
| v. | : | |
| TIMOTHY MOREDOCK, | : | **ORDER DENYING MOTIONS FOR COMPASSIONATE RELEASE** |
| Defendant. | : | |

This matter is before the Court on Defendant Timothy Moredock's pro se motion for a reduction in his sentence based on compassionate release. (Doc. 25). In connection with Amended General Order 20-21, Appointment of Counsel for Compassionate Release Motions, attorney William Gallagher was appointed to represent Defendant. (Doc. 27). Attorney Gallagher thereafter filed a supplemental motion on Defendant's behalf. (Doc. 29). The United States has failed to respond. For the reasons that follow, Defendant's motions will be DENIED without prejudice.

**I.    BACKGROUND**

On August 25, 2015, Defendant pled guilty to distribution of a controlled substance (methamphetamine) in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count 2). (Docs. 17, 18). The same day he was sentenced to a term of 96 months of imprisonment, with credit for time served, followed by ten years of supervised release. (Docs. 18, 20, 21). Defendant, who is 38 years-old, is currently incarcerated at USP Tuscon (https://www.bop.gov/inmate loc/ (last visited 01/04/2021)). His projected release date is September 14, 2022.

1

## II.     DISCUSSION

### A. Availability of Compassionate Release

Pertinent here, the court "may not modify a term of imprisonment" based on a defendant's compassionate release motion until "after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).  The Sixth Circuit has ruled that, despite the circumstances presented by COVID-19, the exhaustion requirements found in § 3582(c)(1)(A) are mandatory and thus present "a glaring roadblock foreclosing compassionate release." *United States v. Alam*, 960 F.3d 831, 835 (6th Cir. 2020) (quoting *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020)).  Prisoners have two routes, then, to directly petition courts for compassionate release: (1) file a motion after fully exhausting administrative appeals of the BOP's decision not to file a motion for compassionate release, or (2) file a motion after "the lapse of 30 days from the receipt ... of such a request" by the warden of the prisoner's facility. 18 U.S.C. § 3582(c)(1)(A).

Defendant asserts that he exhausted his administrative remedy.  He claims to have submitted a request for compassionate release to the Warden at USP Terre Haute, where he was previously incarcerated, and waited over 60 days without a reply.  (Doc. 25 at PageID 89).  He also claims to have submitted a request to the Warden at FCI Tuscon, to which he was recently transferred.  (*Id.*).  Unfortunately, neither Defendant nor his counsel attach copies of these requests to their filings, which would constitute evidence of lapse and allow the undersigned to proceed to the merits of Defendant's motions.  But even if the Court had the authority to proceed, it appears that Defendant is not eligible for compassionate release under the caselaw

interpreting the statute.

### B. No Extraordinary or Compelling Reasons Supports Defendant's Release

"The 'compassionate release' provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons in 'extraordinary and compelling' circumstances." *United States v. Jones*, No. 20-3701, — F.3d —, 2020 WL 6817488, at *1 (6th Cir. Nov. 20, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)). A three-step inquiry is necessary. *Id.* at 2. "At steps one and two of the § 3582(c)(1)(A) inquiry, district courts must find both that 'extraordinary and compelling reasons warrant [a sentence] reduction' and 'that such a reduction is consistent with *applicable* policy statements[1] issued by the

---

[1] The policy statement of the Sentencing Commission appears at Section 1B1.13 of the Guidelines and provides in relevant part:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction;
> ….
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13 Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement). The Commentary to § 1B1.13 describes several ways that a defendant can demonstrate an "extraordinarily and compelling" reason, but only one concerning medical conditions unrelated to advanced age:

> (A) Medical Condition of the Defendant –
>
> (i)    The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii)    The defendant is –
>
>     (I)    suffering from a serious physical or medical condition,

Sentencing Commission." *Id.* at *7 (emphasis in original). *Jones* clarifies that "the passage of the First Step Act rendered [U.S.S.G.] § 1B1.13 'inapplicable' to cases where an imprisoned person files a motion for compassionate release." *Id.* (citing *United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020)). "Until the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have **full discretion** in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.* (emphasis added). In other words, "federal judges may skip step two of the § 3582 inquiry[.]" *Id.* at *9.

Considering the unique circumstances surrounding the coronavirus pandemic, "[n]umerous courts have recently concluded that 'extraordinary and compelling reasons' exist for purposes of § 3582(c)(1)(A) where inmates suffer from medical conditions that place them at a higher risk of serious illness in the event they contract COVID-19." *United States v. Jackson*, No. 5:02-cr-30020, 2020 WL 2735724, at *3 (W.D. Va. May 26, 2020) (collecting cases). Defendant, however, falls short of this standard.

Defendant claims to suffer from asthma, for which, according to his attorney, he

---

        (II)     suffering from a serious functional or cognitive impairment, or

        (III)    experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. n.1(A).

As discussed *infra*, the Sentencing Commission's policy statement was not amended after the enactment of the First Step Act, which now allows a defendant to file a motion for compassionate release. Rather, it still speaks only to determinations by the Director of the BOP in the rare instance in which he would file such a motion with a court.

uses an inhaler. (Docs. 29 at PageID 102). Yet no medical records in support of this condition were attached to Defendant's pro se motion or counsel's supplement. Assuming, though, the Court were to credit Defendant's claim, release still would not be indicated. According to the CDC, asthma does not place Defendant, regardless of age, at an increased risk of severe illness from the virus that causes COVID-19. *See* "People With Certain Medical Conditions," Centers for Disease Control and Prevention (December 29, 2020) available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited 01/04/2021). Moderate-to-severe asthma[2] *might* put him at an increased risk, but this possibility would not be enough for this Court to conclude that an extraordinary and compelling reason supports Defendant's request for release.

On balance and in the exercise of its "full discretion," and were it deciding Defendant's motions on their merits, the Court would fail to find an extraordinary and compelling reason to support a sentence modification under § 3582(c)(1)(A). *See Jones*, 2020 WL 6817488, at *7. With this threshold substantive requirement unmet, the merits analysis would end and the Court would not proceed to step three of the § 3582(c)(1)(A) inquiry, "considering" the "applicable" sentencing factors listed in 18 U.S.C. § 3553(a). *Id.* at *5 (citing *United States v. Ruffin*, 978 F.3d 1000, 2020 WL 6268582, at *3–4 (6th Cir. Oct. 26, 2020)).

---

[2] "[T]he threshold for 'moderate' to 'severe' asthma requires more than a showing that an individual requested an inhaler; it requires a showing of 'daily symptoms, weekly nighttime awakenings, daily use of preventative medication, some limitation with respect to normal activity,' and/or 'a Forced Expiratory Volume in One Second (FEV) measurement of between sixty and eighty percent of the predicted value.'" *United States v. Gaston*, No. 19-20313, 2020 WL 3287977, at *3 (E.D. Mich. June 18, 2020).

### III.     CONCLUSION

Based on the foregoing, Defendant Timothy Moredock's motions for compassionate release (Docs. 25, 29) are hereby **DENIED without prejudice**.

**IT IS SO ORDERED.**

/s/ *Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court